FILED
2017 Jul-13 PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JEANNE THOMPSON,** | ) |
| **Plaintiff,** | ) Case No. _____ |
| v. | ) |
| **LEADEC, LP et al.,** | ) |
| **Defendants.** | ) |

### NOTICE OF REMOVAL

Defendants, Leadec, LP[1] and Vius Services Corp. ("Defendants"), by and through counsel, hereby provide notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of Talladega County, Alabama, Case No. 61-CV-2017-900179.00 to the United States District Court for the Northern District of Alabama, Eastern Division on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As grounds for the Notice of Removal, Defendants state as follows:

### I.    PROCEDURAL BACKGROUND

1.    On June 12, 2017, Plaintiff, Jeanne Thompson ("Plaintiff") filed a complaint against Leadec, LP and fictitious parties in the Circuit Court of Talladega, Alabama, now pending as Civil Action No. 61-CV-2017-900179.00. The Circuit Court of Talladega County is a state court within this judicial district and division.

2.    Leadec, LP was served with a copy of the summons and complaint on June 15, 2017. Therefore, this notice of removal is timely filed within thirty (30) days of service of the summons and complaint.

---

[1] On June 26, 2017, Plaintiff filed an Amended Complaint requesting that all claims against Leadec, LP be dismissed. However, as of the date of this filing, no order has been entered dismissing Leadec, LP as a party to this action.

3849691.1

3. On June 26, 2017, Plaintiff filed an Amended Complaint substituting Vius Services Corp. for the incorrectly named Defendant, Leadec, LP. Vius Services Corp. was served with a copy of the summons and amended complaint on June 27, 2017.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the state court action are collectively attached hereto as *Exhibit 1*.

## II. GROUNDS FOR REMOVAL

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The parties here are citizens of different states, and, as determined by 28 U.S.C. § 1446(c), the amount in controversy in this case is greater than $75,000.

**A. Citizenship of the Parties**

7. There is complete diversity of citizenship between the Plaintiff and Defendants.

8. Upon information and belief, Plaintiff is an individual resident of the State of Alabama.

9. Defendant Leadec, LP is a German corporation with its principal place of business in Kirchseeon, Germany. Therefore, Leadec, LP is a citizen of Germany for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

2

3849691.1

10.     Defendant Vius Services Corp. is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Therefore, Vius Services Corp. is a citizen of Delaware and Ohio for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

11.     The fact that Plaintiff has sued fictitious parties is irrelevant to the determination of diversity jurisdiction, as the citizenship of fictitious parties must be disregarded. *See* 28 U.S.C. §1441(b)(1).

12.     Because Defendants are citizens of Germany, Delaware, and Ohio and Plaintiff is a citizen of Alabama, there is complete diversity between the parties. Defendants are not citizens of Alabama and, therefore, removal of this case is proper. *See* 28 U.S.C. §1441(b)(2).

**B.     Amount in Controversy**

13.     As required by 28 U.S.C. §§ 1332(a) and 1446(c), the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. In 2011, Congress amended § 1446(c) and codified the defendant's right to assert the amount in controversy in the notice of removal. Congress's amendments to the removal statutes largely followed the Eleventh Circuit's existing approach to the determination of the amount in controversy. In cases such as this, where the plaintiff does not demand a sum in good faith in the initial pleading, the defendant may assert an amount in controversy in the notice of removal. *See id.*; 28 U.S.C. § 1446(c); *see also, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). The standard of proof previously used in the Eleventh Circuit was also codified, *i.e.*, removal is proper when the defendant shows by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B).

14.     Because Plaintiff's complaint does not set forth an amount in controversy, Defendants may properly assert the amount in this Notice of Removal, and may also submit

3

evidence to establish that amount. 28 U.S.C. § 1446(c); *accord Pretka*, 608 F.3d at 755. This Court may also take into account an analysis of Plaintiff's claims in light of "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010). An examination of Plaintiff's claims shows that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. In her complaint, Plaintiff alleges that she was wrongfully terminated from her employment after filing for workers' compensation benefits. Complaint at ¶ 4-6. Plaintiff's complaint seeks both compensatory and punitive damages. *Id.* Plaintiff also specifically pleads damages for lost wages, humiliation, economic distress, and embarrassment. *Id.*

16. Based on the above, Defendants assert that the evidence establishes that the amount in controversy in this case is in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(A). The jurisdictional amount in this matter is met, and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. Thus, removal is proper.

### III.   JURISDICTIONAL REQUIREMENTS

17. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

18. Defendants hereby notify the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendants are also filing a Notice of Removal with the Clerk of the Circuit Court of Talladega County, Alabama as provided by law.

19. Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

20.   To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendants respectfully request an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

WHEREFORE, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court of Talladega County, Alabama to the United States District Court for the Northern District of Alabama, Eastern Division.

Respectfully submitted this 13th day of July, 2017.

> WOOLF, MCCLANE, BRIGHT, ALLEN
> & CARPENTER, PLLC
> /s/C. Gavin Shepherd
> C. Gavin Shepherd (ASB-1775-F25L)
> 900 S. Gay Street, Suite 900
> Knoxville, Tennessee 37901-0900
> (865) 215-1000
> gshepherd@wmbac.com
> *Attorney for Defendants Leadec, LP and*
> *Vius Services Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> /s/C. Gavin Shepherd
> C. Gavin Shepherd

3849691.1